UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KIMBERLY MUSE HUNTER,

    Plaintiff,

v.                                                      CASE NO.:

FRIENDS OF CITRUS AND THE NATURE COAST,
INC., A Florida Not for Profit Corporation[1]

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff, KIMBERLY MUSE HUNTER ("Ms. Hunter" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

---

[1] As of September 26, 2018, Vitas Healthcare acquired the named Defendant. To the extent Plaintiff needs to amend this Complaint to name Vitas Healthcare as the correct Defendant, Plaintiff is amenable to so doing, but maintains that the allegations contained herein, relate to the appropriate legal Defendant in this matter.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Citrus County, Florida.

4. Plaintiff worked for Defendant in Citrus County, Florida, and the venue, therefore, for this case is the Ocala Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she needed to provide care for her parent who suffers from serious health conditions as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Hunter worked as Clinical Team Assistant for Defendant from August 10, 2016, until her termination on September 18, 2017.

8. In all respects, Ms. Hunter was a dedicated employee, who had no significant history of non-FMLA related attendance, performance, or disciplinary issues.

9. Unfortunately, on Saturday, September 9, 2017, Citrus County, Florida (where Ms. Hunter resided) was struck by Hurricane Irma, an intense, record-breaking, Category 5 Hurricane.

10. As such, Ms. Hunter lost electrical power to her home that day.

11. To make matters worse, the following day, the storm caused a tree to fall on the backside of Ms. Hunter's home, damaging her house.

12. Ms. Hunter resides with her two elderly parents, one of whom is afflicted with Parkinson's disease and dementia, of which Defendant's management was well aware.

13. The loss of power and air conditioning causing excessive heat, exacerbated Ms. Hunters' parent's illness, rendering her parents unable to care for their medical conditions after the storm.

14. While Defendant closed all offices on September 11, 2017, Ms. Hunter knew that she needed additional leave from work to care for her parent's medical conditions until power was restored to her household, and the medical conditions at issue could be stabilized.

15. That day, Ms. Hunter sent multiple text messages to Regional Director, Ellen Peterson ("Ms. Peterson"), and Operations Manager, Teresita Callahan ("Ms. Callahan"), informing them of same and requesting additional leave.

16. On September 12, 2017, Ms. Hunter remained unsure if her messages were received by Defendant's supervisors due to the storm and cell phone towers being overly used; therefore, she continued her attempts to contact Ms. Peterson and Ms. Callahan while staying home caring for her elderly parents and attending to their medical needs.

17. Luckily, that day, Ms. Hunter established contact with Ms. Peterson, who confirmed that she received our client's messages.

18. However, Ms. Peterson inexplicably stopped responding to our client's text messages upon learning of her request for medical leave to attend to her parents.

19. Pursuant to the FMLA, Ms. Hunter timely notified Defendant's management of her unexpected need to care for her parents, and medically affiliated request for time away from work.

20. Despite this, Defendant's management neglected to advise Ms. Hunter of her rights under the FMLA or provide her with FMLA documentation to protect her absence at that time, or continued anticipated absences, thereafter.

21. This failure alone is tantamount to actionable interference under the FMLA. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

22. Despite Defendant's failure to communicate with her moving forward, let alone notify her of her FMLA rights, Ms. Hunter routinely updated both Ms. Peterson and Ms. Callahan and informed them of the status of her situation and desire to return to work once her parent's medical situation was stabilized.

23. On September 14, 2017, Citrus County law enforcement visited Ms. Hunter's street and informed her that power would not be restored to her home until Sunday, September 17, 2017.

24. As such, Ms. Hunter immediately informed Ms. Callahan and Ms. Peterson that she would be able to return to work on Monday, September 18, 2017.

25. For the first time, Ms. Callahan responded to Ms. Hunter's message and informed her that Ms. Callahan was not the proper contact for this issue, and that Plaintiff needed to report to Ms. Peterson directly.

26. To make matters worse, Ms. Callahan admitted that Defendant's phones were not functional and mocked Plaintiff by saying that "a lot of people are without power and still come to work," effectively ignoring Ms. Hunter's need to care for her ill parents during this time.

27. When Ms. Hunter attempted to explain her need for FMLA protected leave and inability to contact Ms. Peterson, Ms. Callahan refused to listen, claiming that she was not the appropriate manager to address these concerns.

28. Fortunately, on Sunday, September 17, 2017, city authorities restored power to Ms. Hunter's home, and the following day, she was able to return to work.

29. When Ms. Hunter arrived for her scheduled shift with Defendant, Ms. Peterson informed her that she was fired.

30. When Ms. Hunter asked why she was being terminated, Ms. Peterson informed her that she "skipped" four (4) days of work without notice and that after the third infraction, she was terminated per Defendant's policy.

31. Ms. Hunter explained that she contacted both Ms. Peterson and Ms. Callahan multiple times throughout her absence and informed them of her FMLA protected need to care for her parent's serious health condition.

32. Disturbingly, Ms. Peterson feigned ignorance at Ms. Hunter's attempts to contact Defendant, and upheld her termination.

33. Punishing and ultimately terminating an employee for utilizing FMLA leave and objecting to disparate treatment for same, is the very definition of interference and retaliation, under the FMLA. *See* 29 C.F.R. § 825.220(a)(2).

34. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

35. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave, and objecting to poor treatment upon her return from same.

36. Defendant acted with intent to retaliate against Plaintiff when she should have been, and was, FMLA covered.

37. Defendant fired Plaintiff because of her need for FMLA protected time away from work and her objections to Defendant's poor treatment upon her return from same.

38. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

39. Defendant did not have a good faith basis for its actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. At all times relevant hereto, Defendant interfered with Plaintiff's rights based on her use of FMLA.

43. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

44. As a result of Defendant's intentional, willful and unlawful acts by interfering with, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

47. At all times relevant hereto, Plaintiff was protected by the FMLA.

48. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use of FMLA protected leave upon her return from same.

49. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

50. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

51. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

52. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of July 2019.

                                              Respectfully Submitted,

                                              By**:**/s *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*